1

2                                                          **E-filed 2/16/06**

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   PATRICIA LUNA,                          Case Number C 05-04751 JF

13                    Plaintiff,             ORDER[1] GRANTING MOTION TO
                                             DISMISS
14         v.
                                             [Docket No. 13]
15   ALLIANCE ONE RECEIVABLES
     MANAGEMENT, INC., f/k/a TRIADVANTAGE
16   CREDIT SERVICES, INC.,

17                    Defendant.

18

19         On October 21, 2005, Patricia Luna ("Luna") filed a complaint in state court against

20   Alliance One Receivables Management, Inc., f/k/a Triadvantage Credit Services, Inc.

21   ("Alliance").[2]  On November 18, 2005, Alliance removed the action to this Court, pursuant to 28

22   U.S.C. § 1441(b), on the ground that the complaint asserted a claim arising under federal law.

23   On November 29, 2005, Luna filed an amended complaint against Alliance.  Luna alleges that

24   Alliance violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et*

25

26         [1]       This disposition is not designated for publication and may not be cited.

27         [2]       *Alliance One Receivables Management, Inc. f/k/a Triadvantage Credit Services,*

28   *Inc.*, Case No. 1-05-CV-047765, Superior Court of California, Santa Clara County.

seq., and California's Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("Rosenthal Act").

## I. BACKGROUND

Luna accumulated $561.93 in debt after she obtained a consumer credit card from First National Bank of Marin ("First National Bank"). Luna had difficulty making the monthly payments on the debt, at which point First National Bank assigned Luna's account to Alliance for collection. On July 27, 2005, Alliance mailed Luna a collection letter.[3] The letter did not

---

[3]     The letter addressed to Luna states in relevant part:

Account #: 1245537
Owed to: First National Bank Of Marin
Client Account #: 4447961120704362
Current Balance: $561.93
Minimum Pmt Due: $351.00

Your account has been listed with our office for collection by the referenced client. If paid, all collection activity will be stopped.

For your convenience we can arrange for automatic deductions from your checking account. Please feel free to call us if you wish to discuss this matter.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

2

include the notice required under California Civil Code § 1812.700 ("the notice requirement").[4]

In her amended complaint, Luna claims that by failing to include the state law notice requirement

in its debt collection letter, Alliance violated Sections 1692e, 1692e(10), and 1692f of the

FDCPA and Sections 1817.700 and 1788 *et seq.* of the Rosenthal Act.  Luna seeks declaratory

relief in the form of an order stating that the collection letter violated the FDCPA and the

Rosenthal Act, the maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k and

California Civil Code § 1788 *et seq.*, attorney's fees, litigation expenses, and costs.

On December 9, 2005, Alliance filed a motion to dismiss Luna's FDCPA claim pursuant

to Federal Rule of Civil Procedure 12(b)(6), and for summary judgment as to Luna's Rosenthal

Act claim pursuant to Federal Rule of Civil Procedure 56(c).  Alliance asserts that Luna's claim

under the FDCPA fails to state a claim upon which relief can be granted because the alleged

violation of the Rosenthal Act does not, standing alone, constitute a violation of the FDCPA.

Alliance also asserts that Luna's claim under the Rosenthal Act does not present any genuine

issues of material fact because Alliance "has cured the alleged violation of the Rosenthal Act

within fifteen days of discovering that violation, and thus [Alliance] cannot incur civil liability

---

[4]        The letter failed to include the following notice:

            The state Rosenthal Fair Debt Collection Practice Act and
    the federal Fair Debt Collection Practices Act require that, except
    under unusual circumstances, collectors may not contact you
    before 8 a.m or after 9 p.m.  They may not harass you by using
    threats of violence or arrest or by using obscene language.
    Collectors may not use false or misleading statements or call you at
    work if they know or have reason to know that you may not receive
    personal calls at work.  For the most part, collectors may not tell
    another person, other than your attorney or spouse, about your debt.
    Collectors may contact another person to confirm your location or
    enforce a judgment.  For more information about debt collection
    activities, you may contact the Federal Trade Commission at 1-
    877-FTC-HELP or www.ftc.gov.

Cal. Civ. Code § 1812.700 (West Supp. 2006).  Violation of this provision "shall be considered a
violation of the Rosenthal Fair Debt Collection Practices Act . . . ."  Cal. Civ. Code § 1812.702
(West Supp. 2006).

3

1    under the Rosenthal Act."

2    On January 13, 2006, Luna filed opposition.  On January 20, 2006, Alliance filed a reply.

3    Having considered the briefs, relevant evidence, and the oral arguments at the hearing on

4    February 3, 2006, the Court will grant the motion to dismiss with respect to the FDCPA claim

5    and will decline to exercise supplemental jurisdiction with respect to the Rosenthal Act claim.

6    **II.  Legal Standard**

7    A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two

8    reasons:  (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal

9    theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds,*

10   *Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations

11   of material fact in the complaint are taken as true and construed in the light most favorable to the

12   non-moving party.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995);

13   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

14   "A complaint should not be dismissed unless it appears beyond doubt the plaintiff can

15   prove no set of facts in support of his claim that would entitle him to relief."  *Clegg*, 18 F.3d at

16   754.  The court, however, "is not required to accept legal conclusions cast in the form of factual

17   allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Id.* at

18   754-55.  A court's review is limited to the face of the complaint, documents the complaint

19   referenced, and matters of which the court may take judicial notice.  *Anderson v. Clow (In re Stac*

20   *Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950

21   F.2d 1478, 1483 (9th Cir. 1991).

22   Motions to dismiss generally are viewed with disfavor under this liberal standard and are

23   granted rarely.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Leave to

24   amend must be granted unless it is clear that amendments cannot cure the complaint's

25   deficiencies.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, when

26   amendment would be futile dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d

27   386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v.*

28   *Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (*per curiam*).

4

1   A motion for summary judgment should be granted if there is no genuine issue of

2   material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

3   56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears

4   the initial burden of informing the Court of the basis for the motion and identifying the portions

5   of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that

6   demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

7   317, 323 (1986).

8   If the moving party meets this initial burden, the burden shifts to the non-moving party to

9   present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

10   *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents

11   evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

12   party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49.

13   "When the nonmoving party has the burden of proof at trial, the moving party need only

14   point out 'that there is an absence of evidence to support the nonmoving party's case.'"

15   *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

16   Once the moving party meets this burden, the nonmoving party may not rest upon mere

17   allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine

18   issue for trial.  *Devereaux*, 263 F.3d at 1076.

19   The standard applied to a motion seeking partial summary judgment is identical to the

20   standard applied to a motion seeking summary judgment of the entire case.  *Urantia Found. v.*

21   *Maaherra*, 895 F.Supp. 1335, 1335 (D. Ariz. 1995).

22   **III.  DISCUSSION**

23   A.   The FDCPA and Rosenthal Act

24   In light of the "abundant evidence of the use of abusive, deceptive, and unfair debt

25   collection practices by many debt collectors[,]" 15 U.S.C. § 1692(a), Congress enacted the

26   FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that

27   those debt collectors who refrain from using abusive debt collection practices are not

28   competitively disadvantaged, and to promote consistent State action to protect consumers against

5

1   debt collection abuses." 15 U.S.C. § 1692(e).  Section 1692e prohibits "[a] debt collector [from]

2   us[ing] any false, deceptive, or misleading representation . . . in connection with the collection of

3   any debt." 15 U.S.C. § 1692e.  Section 1692e(10) forbids "[t]he use of any false representation

4   or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

5   consumer." 15 U.S.C. § 1692e(10).  Section 1692f prohibits a debt collector from using "unfair

6   or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

7        Section 1692g(a) of the FDCPA sets out specific guidelines that a creditor must follow in

8   sending a collection letter.  Section 1692g(a) provides in relevant part:

9                  Within five days after the initial communication with a
         consumer in connection with the collection of any debt, a debt
10        collector shall, unless the following information is contained in the
         initial communication or the consumer has paid the debt, send the
11        consumer a written notice containing —

12                 (1) the amount of the debt;

13                 (2) the name of the creditor to whom the debt is owed;

14                 (3) a statement that unless the consumer, within thirty days
         after receipt of the notice, disputes the validity of the debt,
15        or any portion thereof, the debt will be assumed to be valid
         by the debt collector;
16
                  (4) a statement that if the consumer notifies the debt
17        collector in writing within the thirty-day period that the
         debt, or any portion thereof, is disputed, the debt collector
18        will obtain verification of the debt or a copy of a judgment
         against the consumer and a copy of such verification or
19        judgment will be mailed to the consumer by the debt
         collector; and
20
                  (5) a statement that, upon the consumer's written request
21        within the thirty-day period, the debt collector will provide
         the consumer with the name and address of the original
22        creditor, if different from the creditor.

23   15 U.S.C. § 1692g(a).

24        In *Terran v. Kaplan*, 109 F.3d 1428, 1429-30 (9th Cir. 1997), the debt collector sent a

25   one-page letter "typed on [the debt collector's] office letterhead, [which] contained three

26   paragraphs set in a uniform size and typeface" and requested that the debtor call immediately.

27   The Ninth Circuit found that "the request that the alleged debtor immediately telephone a

28   collection assistant does not overshadow the language in the notice that the alleged debtor has

6

1    thirty days in which to dispute the debt.  The validation notice immediately follows the language

2    regarding an immediate telephone call." *Id.* at 1434.  Additionally, "[t]he text of the letter is

3    uniformly presented in ordinary, same-size font.  No emphasis is placed on any particular

4    statement, with the exception of the creditor's name and the name of the person to contact at [the

5    debt collector's] office, both of which appear in uppercase letters." *Id.*  The court concluded that

6    the collection letter did not violate section 1692g of the FDCPA.  *Id.*

7            The Rosenthal Act is California's version of the FDCPA; it prohibits specific practices

8    and provides legal remedies for consumers, and also gives enforcement powers to the relevant

9    state authorities.  *See* Cal. Civ. Code § 1788 *et seq.*  Section 1812.700 provides that "a notice to

10   debtors [] shall include" the notice described in footnote four above.  Violation of Section

11   1812.700 "shall be considered a violation of the Rosenthal Fair Debt Collection Practices

12   Act . . . ."  Cal. Civ. Code § 1812.702. (West Supp. 2006).

13   B.    Motion to Dismiss

14           Both of Luna's claims arise from Alliance's omission of the notice required under Section

15   1812.700 of the Rosenthal Act.  The Court concludes that Luna has not alleged facts

16   demonstrating a violation of the FDCPA.  The debt collection letter Alliance sent to Luna, set

17   forth in footnote three above, contained all of the provisions required under Section 1692g(a).

18   The FDCPA does not require debt collectors to send the notice the Rosenthal Act requires.

19   While violations of the FDCPA may constitute an automatic violation of state law, the reverse is

20   not true; that is, the violation of state law is not an automatic violation of the FDCPA.  *See Wade*

21   *v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (holding that debt collection practices

22   in violation of a state law are not *per se* violations of the FDCPA); *see also Carlson v. First*

23   *Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004) ("The FDCPA was designed to provide

24   basic, overarching rules for debt collection activities; it was not meant to convert every violation

25   of a state debt collection law into a federal violation.  Only those collection activities that use any

26   false, deceptive, or misleading representation or means . . . will constitute FDCPA violations."

27   (citations and internal quotations omitted)).  As Alliance suggests, "Congress did not elect to

28   import all of the requirements of the various state debt collection laws into the [FDCPA], and

                                                    7

1   nothing in the FDCPA creates a cause of action based on a violation of state law." Because it

2   does not appear that Luna could add additional allegations to demonstrate a violation of the

3   FDCPA, the Court will grant Alliance's motion to dismiss the FDCPA claim without leave to

4   amend.[5]

5           Luna asserts that "the issue here is not whether [Alliance's] letter provided the proper

6   notice requirement under § 1692[g].  Rather, the issue is whether [Alliance's] failings [in not

7   providing the Rosenthal notice] constitute false, deceptive, misleading or unfair representations

8   prohibited by § 1692e, e(10), and f."  In order to assess this contention the Court must consider

9   whether the omission of the Rosenthal notice would be likely to mislead the "least sophisticated

10  debtor."  *Wade*, 87 F.3d at 1100.

11          Two Ninth Circuit cases shed light on the question.  In *Swanson v. S. Oregon Credit

12  Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (*per curiam*), at the bottom of a collection letter

13  a validation notice appeared in small, standard-face font.  The validation notice, however,

14  appeared beneath a message in bold-face font that was several times larger than the validation

15  font.  *Id.*  The larger message stated: "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10

16  DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID

17  COLLECTION ITEM.  *A GOOD CREDIT RATING—IS YOUR MOST VALUABLE ASSET*."  *Id.*

18  The court held that the letter was "misleading in both form and content" because the additional

19  language "dwarfed" the validation notice.  *Id.*  Specifically, the message sent to the least

20  sophisticated debtor was that "he must ignore his right to take 30 days to verify his debt and act

21

22          [5]      The district court cases cited by Luna do not alter the Court's analysis.  In

23  *McDonald v. Bonded Collectors, L.L.C.*, No. CIV. 05CV0687WPOR, 2005 WL 2008202, at *1-
    2 (S.D. Cal. Aug. 15, 2005), the court only granted the debtor leave to file a first amended class

24  action complaint, which included claims under the Rosenthal Act.  Luna has not requested to file
    a first amended complaint under the liberal standard of pleading under Federal Rule of Civil

25  Procedure 15(a).  In *Palmer v. Far W. Collection Servs., Inc.*, No. C-04-03026 RMW, No. C-4-
    03027 RMW 2006 WL 83059, at *1 (N.D. Cal. Jan. 12, 2006), plaintiffs moved for class

26  certification in two similar cases.  The court concluded that Palmer met the class certification
    requirements of Federal Rule of Civil Procedure 23(a) except for typicality in one case.  The

27  court did not addresses whether a violation of Section 1812.700 of the Rosenthal Act also
    violated the FDCPA.  *Id.* at *7.

28

                                                    8

1   immediately or he will be remembered as a deadbeat in the 'master file' of his local collection

2   agency and will, accordingly, lose his 'most valuable asset,' his good credit rating." *Id.* at 1226.

3        In *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778-79 (9th Cir. 1982), the debt collector

4   sent a collection letter that stated: "It is our policy to attempt to settle these matters out of court

5   before making any decision whether to refer them to an attorney for collection . . . Unless we

6   receive your check or money order, we will proceed with collection procedures." On appeal, the

7   Ninth Circuit held that the letter violated Section 1692e because the FDCPA prohibits a debt

8   collector from using false, deceptive, or misleading representation or means to collect a debt. *Id.*

9   at 778. The court also upheld the district court's finding that "the language of the notice created

10  the impression that legal action by defendant [was] a real possibility . . . and a consumer could

11  legitimately believe that 'further collection procedures' meant court action when [the debt

12  collector] had no intention of pursuing such a course of action." *Id.* at 779 (internal quotations

13  omitted).

14       Three other Ninth Circuit cases and one published district court case discuss situations in

15  which the least sophisticated debtor was not misled. In *Dunlap v. Credit Protection Ass'n, L.P.*,

16  419 F.3d 1011, 1012 (9th Cir. 2005) (*per curiam*), the debtor incurred a debt of $12.90 to

17  Blockbuster Video, which Blockbuster referred to the debt collector for collection purposes. The

18  debt collector sent a letter to the debtor with the name of the debt collector in "large, capital

19  lettering." *Id.* The debtor's "claims are based on the following reasoning: use of the name . . .

20  coupled with the demand for payment, implies that [the debt collector] will damage the debtor's

21  credit by reporting the debt to credit reporting agencies if a payment is not made." *Id.* The Ninth

22  Circuit found that the debt collector's "letter would not impermissibly mislead the least

23  sophisticated debtor into believing that his credit would be damaged by a failure to pay . . . ." *Id.*

24  The court continued, "any such inference is not sustained by the letter's main text, which

25  mentions nothing about credit reporting, complies with FDCPA requirements, and is

26  straightforward and non-threatening." *Id.*

27       In *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1056-57 (9th

28  Cir. 2002) (*per curiam*), after Renick failed to pay his phone bill, the debt collector sent Renick a

9

1  notice that "informed Renick that he had the right to dispute the validity of the debt within 30

2  days, and that [the debt collector] would then provide him with verification of the debt." Twenty

3  days later the debt collector sent a second notice. *Id.* at 1057. Renick claimed that the second

4  notice violated the FDCPA because it "misled him into abandoning his statutory right to contest

5  the validity of the debt within 30 days from the first notice." *Id.* The court held that the debt

6  collector's second notice "did not violate the validation of debts provision of the FDCPA, 15

7  U.S.C. § 1692g(a)." *Id.* The instruction on the second notice "was in the same font as the

8  surrounding text; was not emphasized in any other way; was in the nature of a request rather than

9  a demand; and carried no sense of urgency. The request therefore did not overshadow the

10  language in the notice that the alleged debtor has thirty days in which to dispute the debt." *Id.*

11  (citation and internal quotations omitted). The court concluded that the second notice "was not

12  misleading even to the least sophisticated debtor" and did not violate the Section 1692g(a). *Id.* at

13  1057-58.

14       In *Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir. 1985)

15  (*per curiam*), a debt collector's follow up notice demanded payment as requested in a previous

16  notice. The Ninth Circuit held that it was clear from the follow up notice that the debt collector

17  was attempting to collect a debt and that payment was requested in a prior communication. *Id.* at

18  926. "There was nothing in the notice itself or in any action of [the debt collector] that could be

19  construed as 'abusive' or 'false, deceptive or misleading.' Rather it was a straightforward notice

20  that repeated a demand for payment." *Id.*

21       Finally, in *Hipolito v. Alliance Receivables Mgmt., Inc.*, No. C-05-0842 JCS, 2005 WL

22  1662137, at *1 (N.D. Cal. July 15, 2005), Alliance sent a debt collection letter almost identical to

23  the letter in the instant case to the debtor. The debtor claimed the language: "If paid in full to this

24  office, all collection activity will be stopped" ("pay-in-full language"), violated the FDCPA

25  because it was false, deceptive and misleading, in violation of 15 U.S.C. § 1692e. *Id.* The

26  district court held that the pay-in-full language in the letter was not misleading because "it would

27  be evident even to the least sophisticated debtor that the debtor also had the alternative of

28  challenging the debt within 30 days, as stated in the verification information that follows the pay-

1    in-full language, in the same font." *Id.* at *6.

2       Alliance's failure to include the notice required by the Rosenthal Act does not constitute

3 an abusive, false, deceptive, or misleading representation of a kind actionable under the FDCPA.

4 *See* 15 U.S.C. § 1692e. Rather, Alliance's debt collection letter made clear to the least

5 sophisticated debtor the steps and procedures the debtor could take to resolve the alleged debt.

6 Because Alliance's collection letter complied with the notice required in Section 1692g and

7 Alliance's collection letter does not contain any abusive, false, deceptive, or misleading

8 statement, Alliance has not violated Sections 1692e, 1692e(10), and 1692f of the FDCPA.

9 C.    <u>Supplemental Jurisdiction</u>

10       "Where a district court dismisses a federal claim, leaving only state claims for resolution,

11 it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade*,

12 87 F.3d at 1101; *see Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir.

13 1989) (holding that when "the court dismisses the federal claim leaving only state claims for

14 resolution, the court should decline jurisdiction over the state claims and dismiss them without

15 prejudice"). In light of the disposition of the FDCPA claim, the Court will decline to exercise

16 supplemental jurisdiction over the Rosenthal Act claim and remand the action to state court. *See*

17 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988) (finding that "a district court has

18 discretion to remand a removed case to state court when all federal-law claims have dropped out

19 of the action and only pendent state law claims remain").

20                              **IV. ORDER**

21       Good cause therefore appearing, IT IS HEREBY ORDERED that Alliance's motion to

22 dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Luna's FDCPA claim. The Court

23 declines to exercise supplemental jurisdiction over the Rosenthal Act claim and therefore

24 remands the action to the Santa Clara Superior Court.

25

26

27

28

Case No. C 05-01281 JF
ORDER GRANTING MOTION TO DISMISS
(JFEX1)

1   IT IS SO ORDERED.

2

3   DATED: February 15, 2006

4

5   _____

6   JEREMY FOGEL
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-01281 JF
ORDER GRANTING MOTION TO DISMISS
(JFEX1)

1   <u>This Order has been served upon the following persons</u>:

2

3   Ronald Wilcox
    Attorney At Law
4   2160 The Alameda, Suite F
    San Jose, CA 95126
5   408-296-0400
    Email: ronaldwilcox@post.harvard.edu
6

7   Lance A. Raphael
    The Consumer Advocacy Center
8   180 West Washington, Suite 700
    Chicago, IL 60602
9   312-782-5808
    Email: lar@caclawyers.com
10

11  Jeffrey A. Topor, Tomio B. Narita
    Wineberg, Simmonds & Narita LLP
12  44 Montgomery Street. Suite 3880
    San Francisco, CA 94104
13  415-352-2200
    Email: jtopor@wsnlaw.com
14  Email: tnarita@wsnlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-01281 JF
ORDER GRANTING MOTION TO DISMISS
(JFEX1)